# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE VALENZUELA, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SAN DIEGO POLICE DEPARTMENT, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 19-cv-00002-BAS-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 14]** |

　　On June 18, 2019, Defendants City of San Diego ("City"), the San Diego Police Department ("SDPD"), and SDPD Officers Christopher Pavle and Erich Bennett[1] moved to dismiss the Second Amended Complaint ("SAC") filed by Plaintiffs Candace Valenzuela ("Ms. Valenzuela"), Susan Valenzuela, and J.A.M.J., Ms. Valenzuela's minor child. (Mot. to Dismiss, ECF No. 14; Second Am. Compl. ("SAC"), ECF No. 12.) Plaintiffs opposed on August 1, 2019, and Defendants filed a Reply on August 8, 2019. (Opp'n, ECF No. 16; Reply, ECF No. 18.) For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

---

[1] The City and SDPD are collectively referred to in this Order as the "Municipal Defendants"; Officers Pavle and Bennett are collectively referred to as the "Officer Defendants."

- 1 -

## I. BACKGROUND

On September 14, 2018, Plaintiffs filed their initial complaint against Defendants in the Superior Court of California, San Diego County. (Compl., Ex. A to Notice of Removal, ECF No. 1-2.) Defendants removed the action to federal court on January 2, 2019 on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1.) Plaintiffs filed their SAC on June 4, 2019.[2]

### A. Allegations in SAC

Plaintiffs' allegations stem from the misidentification of Plaintiff Candace Valenzuela ("Ms. Valenzuela") as the perpetrator of a series of thefts from her place of employment, Scripps-Mercy Hospital, which led the Officer Defendants to effectuate a warrantless arrest of Ms. Valenzuela in her home on October 4, 2017. (SAC ¶¶ 20–27.)

In August 2017, the credit card of a Scripps-Mercy employee was stolen from the secure employee breakroom at the hospital. (SAC ¶ 20.) After discovering that it was used at a nearby Walgreens, the employee received "a blurry screenshot from the store's video surveillance system" and misidentified Ms. Valenzuela as the suspect. (SAC ¶¶ 20, 23.) Two more unauthorized transactions occurred at nearby Walgreens stores with stolen employee credit cards in September, for which Ms. Valenzuela was not identified as the suspect in surveillance videos viewed by Walgreens employees. (SAC ¶ 25.)

In October 2017, the Officer Defendants arrested Ms. Valenzuela at her home. (SAC ¶ 26.) Plaintiffs allege that the Officer Defendants "manhandled" Ms. Valenzuela, resulting in lacerations to her wrists. (SAC ¶ 27.) She was then transported by patrol car to Las Colinas Detention Facility. (SAC ¶ 30.) Plaintiffs allege that Ms. Valenzuela's partner, Susana Valenzuela, and her daughter, J.A.M.J., suffered severe emotional distress after witnessing Ms. Valenzuela's arrest, and that Ms. Valenzuela herself experienced severe emotional distress while she was detained at Las Colinas for three days awaiting her arraignment. (SAC ¶¶ 28, 32.)

---

[2] This case was reassigned to the Honorable Cynthia Bashant on February 3, 2020. (ECF No. 20.)

Ms. Valenzuela was released on her own recognizance after her arraignment. (SAC ¶ 33.) After reviewing the police report provided by her attorney, she was able to identify another Scripps-Mercy employee as the suspect responsible for the thefts. (SAC ¶ 34.) As a result, another employee was arrested and charged, and the criminal action against Ms. Valenzuela was dismissed. (SAC ¶ 36.)

Plaintiffs bring seven claims for relief arising out of this incident. The first is a claim for unreasonable seizure in violation of the Fourth Amendment, brought under 42 U.S.C. § 1983 ("First Claim for Relief"). Plaintiffs contend that the Officer Defendants arrested Ms. Valenzuela without probable cause, alleging that "no reasonable police officer would formulate the requisite probable cause to arrest [Ms. Valenzuela] from the information provided to [Defendants] during their investigation into the thefts therein." (SAC ¶¶ 42.)

Plaintiffs' remaining claims for relief are brought under California law: violations of the Bane Act, Cal. Civ. Code § 52.1 ("Second Claim for Relief"); false arrest under Cal. Civ. Code § 820.4 ("Third Claim for Relief"); assault and battery ("Fourth Claim for Relief"); common law negligence as to Ms. Valenzuela ("Fifth Claim for Relief"); negligent infliction of emotional distress ("NIED") as to Susana Valenzuela and J.A.M.J. ("Sixth Claim for Relief"); and loss of consortium as to Susana Valenzuela ("Seventh Claim for Relief"). Plaintiff sues the Officer Defendants in their individual and official capacities, stating that at all relevant times, they were "agents, servants, and/or employees" of the City and SDPD and "were acting within the course and scope of their employment." (SAC ¶¶ 16, 71, 76, 80.)

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain

detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.*, 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

### III. ANALYSIS

Defendants move to dismiss Plaintiffs' SAC on several grounds. First, Defendants allege that SDPD is not a proper defendant to the action and should be dismissed. (Mot. to Dismiss at 5.) Second, Defendants contend that prosecutorial and discretionary immunity under California law bars all claims in this action. (*Id.* at 6–8.) Third, Defendants move to

dismiss the tort claims against the Municipal Defendants on the basis that the SAC did not plead the existence of a statutory duty, as required by the California Tort Claims Act ("CTCA"). (*Id.* at 5–6.) Fourth, Defendants move to dismiss the Fourth Amendment claim under § 1983 against the Municipal Defendants on the basis that Plaintiffs failed to sufficiently allege municipal liability under *Monell*. (*Id.* at 8–9.) Lastly, Defendants argue that Plaintiff has failed to state a claim for relief against any Defendant under the Bane Act. (*Id.* at 10.) The Court addresses each argument below.

### A. SDPD's Capacity to Be Sued

As an initial matter, Defendants move to dismiss Defendant San Diego Police Department as an improper defendant on the basis that the SDPD is a subdivision of the City of San Diego and therefore "not subject to separate liability." (Mot. at 5.)

The Ninth Circuit has held that police departments can be sued in federal court for § 1983 liability. *Streit v. Cty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001) (finding that sheriff's departments and police departments are "separately suable entities" in a § 1983 suit); *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n.2 (9th Cir. 1988) (The Ninth Circuit has expressly held that "[m]unicipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.").[3]

The SDPD also has the capacity to be sued for Plaintiffs' state law claims. Whether a party has the capacity to be sued in federal court is determined by reference to state law.

---

[3] The Court acknowledges that many district courts in the Ninth Circuit have concluded that police departments are not "persons" under § 1983 and thus subject to dismissal. *See Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1171 n.2 (E.D. Cal. 2019) (noting that "numerous district courts within the Ninth Circuit have ruled that sheriff's departments and police departments are not 'persons' within the meaning of § 1983, and have dismissed them as defendants on that basis" and citing cases). However, pursuant to the holding in *Streit*, other courts have held that the aforementioned Ninth Circuit decisions are binding and control the resolution of this issue, supporting a finding that police departments are properly named defendants in § 1983 actions. *See Rodgers v. City of Pasadena*, No. 2:16-cv-03616-CAS (Ex), 2016 WL 7240135, at *3 (C.D. Cal. Dec. 12, 2016) (listing cases); *see Hupp v. San Diego Cty. Dist. Atty.*, No. 12-CV-492-IEG RBB, 2012 WL 2887229, at *2 (S.D. Cal. July 12, 2012) ("Under California law, municipal police departments . . . are separate suable entities.") (citing Cal. Gov't Code §§ 811.2, 945 and *Streit*). The Court likewise declines to dismiss SDPD due to the clear mandate in *Streit*.

- 5 -

Fed. R. Civ. P. 17(b)(3). Under Cal. Gov't Code § 945, "[a] public entity may sue or be sued." The Ninth Circuit has held that police departments are "public entities" as defined by California law and thus may be sued in federal court. *Shaw v. California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 605 (9th Cir. 1986) (finding that "the courts of California would hold that the [San Jose] Police Department is a public entity under [Cal. Gov't Code] section 811.2" and thus "the Police Department may be sued in Federal court"). Defendants' citation to the San Diego Municipal Code and City Charter are inapposite, as the California Supreme Court has held that municipal liability "for the tortious acts or omissions of their servants is a matter of general state concern" and not a "municipal affair". *Societa Per Azioni De Navigazione Italia v. City of Los Angeles*, 31 Cal. 3d 446, 463 (1982); *see also Shaw*, 788 F.3d at 604–05.

Thus, the Court **DENIES** Defendants' Motion to dismiss SDPD as an improper defendant.

### B. State Immunity Doctrines

Defendants contend that prosecutorial immunity and immunity for discretionary acts under California law bars Plaintiffs' claims against all Defendants. (Mot. to Dismiss at 6–8.) The Court addresses each immunity doctrine below in turn.

#### 1. Prosecutorial Immunity Under § 821.6

By statute, California law immunizes public employees from liability "for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. Under this statute, Defendants claim that Officers Pavle and Bennett are immune from liability for all causes of action under § 821.6 because Plaintiffs' injuries arose during her arrest, which Defendants argue is a "part of the investigation leading up to a judicial process" covered by the scope of § 821.6.[4] (Mot. to Dismiss at 6.)

---

[4] Public entities are not liable for injuries "resulting from an act or omission of an employee of the public entity where the employee is immune from liability." *Id.* § 815.2(b). Thus, if the Officer Defendants are immune under any state statute for their actions, the Municipal Defendants are, in turn, immune under § 815.2(a).

Section 821.6 is not applicable here. The California Supreme Court has confined this statutory immunity to causes of action for malicious prosecution. *Sullivan v. Cty. of Los Angeles*, 12 Cal. 3d 710, 721 (1974). Although some California appellate courts have since expanded the scope of § 821.6 to cover investigative steps taken prior to a judicial proceeding, *see Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048 (2007), the California Supreme Court has yet to adopt this interpretation of the statute. The Ninth Circuit has held that the scope of § 821.6 is limited to claims for malicious prosecution per *Sullivan* because federal courts are bound by the decision of the highest state court when interpreting state law. *Sharp v. Cty. of Orange*, 871 F.3d 901, 921 (9th Cir. 2017) (finding no immunity for false imprisonment, assault and battery, trespass, and NIED arising out of wrongful arrest because the California Supreme Court "has not extended § 821.6 immunity to actions outside of malicious prosecution"); *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (following *Sullivan* to reverse district court dismissal of state law claims under § 821.6 "because the claims against them are not malicious prosecution claims").

The Court recognizes that this more recent Ninth Circuit authority appears to conflict with older case law that applied § 821.6 immunity to negligent investigations based on the more expansive interpretation of the statute endorsed by the California appellate courts. *E.g. Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007) (applying § 821.6 "to actions taken in the course or as a consequence of an investigation[,]" but not to "tortious conduct [that] occurred during an arrest, not an investigation"); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1381 (9th Cir. 1998) ("[t]he same immunity which protects the officers from malicious prosecution protects them from liability for a negligent investigation which leads to an arrest."). Nonetheless, this Court finds itself bound by the Ninth Circuit's more recent holdings in *Sharp* and *Garmon* and thus does not find that § 821.6 immunity applies here, where Plaintiffs have not alleged a claim for malicious prosecution. *See Flores v. City of Pasadena*, No. 18-cv-03792-DDP (JCx), 2019 WL 5102465, at *10 (C.D. Cal. Oct. 10, 2019); Bagdasaryan v. City of Los Angeles*, No. 2:15-cv-01008-JLS (KES), 2018 WL 6113104, at *28 (C.D. Cal. Oct. 22, 2018), *report and*

*recommendation adopted*, No. 2:15-cv-01008-JLS (KES), 2019 WL 1718827 (C.D. Cal. Feb. 14, 2019); *Emeziem v. Cal. Dep't of Justice*, No. 16-CV-06628-HSG, 2017 WL 3382299, at *6 n.7 (N.D. Cal. Aug. 7, 2017); *Quintero v. City of Escondido*, No. 15-CV-2638-BTM-BLM, 2017 WL 4005345, at *12 (S.D. Cal. Sept. 11, 2017). As such, the Court **DENIES** Defendants' Motion to Dismiss all claims based on § 821.6 immunity.

### 2. Discretionary Act Immunity Under § 820.2

Defendants also allege that § 820.2 immunizes Defendants from liability for claims arising from discretionary acts performed during the Officer Defendants' investigation into the thefts. (Mot. to Dismiss at 7.) Specifically, Defendants argue that Officers Pavle and Bennett's decision regarding "whether or not to take other steps in the investigation process" and their decision to arrest Ms. Valenzuela are protected under § 820.2. (*Id.*)

Section 820.2 "codifies the common law immunity for the discretionary acts of a government official performed within the scope of his or her authority." *Barner v. Leeds*, 24 Cal. 4th 676, 683 (2000).[5] Immunity under this statute "is reserved for those 'basic policy decisions [which have] . . . been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.'" *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995) (quoting *Johnson v. State of Cal.*, 69 Cal. 2d 782, 793 (1968)). Thus, California courts distinguish between "deliberate and considered policy decisions"—to which immunity applies—and "lower-level, or 'ministerial,' decisions that merely implement a basic policy already formulated"—to which immunity does not apply. *Caldwell*, 10 Cal. 4th at 981.

Defendants' § 820.2 argument is unsupported by the case law. The Officer Defendants' investigatory decisions are not discretionary acts covered by the statute because such immunity does not attach where "the injury . . . results, not from the employee's exercise of discretion vested in him to undertake the act, but from his

---

[5] Cal. Gov't Code § 820.2 states: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

negligence in performing it after having made the discretionary decision to do so." *Martinez*, 141 F.3d at 1379; *see also Gregory v. Fresno Cty.*, No. 1:18-cv-00524-LJO-SAB, 2018 WL 4262232, at *46 (E.D. Cal. Sept. 6, 2018) ("Once a public employee makes the initial decision, as here to investigate or prosecute the alleged violations, 'he or she is not immune for the negligent performance of professional duties that do not amount to policy or planning decisions.'") (quoting *Barner*, 24 Cal. 4th at 686), *report and recommendation adopted in part, rejected in part*, No. 1:18-cv-00524-LJO-SAB, 2018 WL 6567698 (E.D. Cal. Dec. 13, 2018); *Cobian-Perez v. City of Oakland*, No. 13-CV-05162-VC, 2014 WL 5768700, at *5 (N.D. Cal. Nov. 5, 2014) ("Once an officer makes a discretionary decision to investigate, discretionary act immunity does not protect the officer if he or she is negligent in conducting the subsequent investigation.") (citing *Martinez*).

The decision of the Officer Defendants to arrest Ms. Valenzuela is also not protected by this statutory immunity. Section 820.2 immunity does not apply to false arrest claims because a decision to arrest is not a basic policy decision but instead "only an operational decision by the police purporting to apply the law." *Liberal v. Estrada*, 632 F.3d 1064, 1085 (9th Cir. 2011) (quoting *Gillan*, 147 Cal. App. 4th at 1051); *see also So v. Bay Area Rapid Transit*, No. C-12-05671 DMR, 2013 WL 5663207, at *7 (N.D. Cal. Oct. 17, 2013) ("Decisions to arrest or investigate are generally ministerial acts, except in certain fact-specific situations.").

Thus, the Court finds that Defendants' alleged conduct underlying Plaintiffs' claims is not discretionary under § 820.2 and **DENIES** Defendants' Motion to Dismiss all claims on the basis of this immunity statute.

### C. Tort Liability Against the Municipal Defendants

Defendants also argue that Plaintiffs' tort claims—for false arrest, assault, and battery, negligence, NIED, and loss of consortium—should be dismissed against the Municipal Defendants because Plaintiffs have not stated a statutory basis for liability as required by the CTCA. (Mot. to Dismiss at 5–6.) Plaintiffs submit on this issue. (Opp'n at 5.)

- 9 -

19cv02

"The California Tort Claims Act provides that '[a] public entity is not liable for an injury,' '[e]xcept as otherwise provided by statute.'" *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1179 (2003) (citing Cal. Gov't Code § 815). To state a direct claim for tort liability against a municipal defendant, plaintiffs "must plead a statutory basis showing that [each municipal entity] may be held liable for their claims." *Blanco v. Cty. of Kings*, 142 F. Supp. 3d 986, 1003 (E.D. Cal. 2015) (internal quotations omitted); *Zelig v. Cty. of Los Angeles*, 27 Cal. 4th 1112, 1131 (2002) ("[A] public entity may be liable for an injury directly as a result of its own conduct or omission, rather than through the doctrine of respondeat superior, but only 'as ... provided by statute.'") (citing Cal. Gov't Code § 815). However, the statutory scheme in the Act also provides that public entities can be held vicariously liable for injuries caused by an employee acting "within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2; *see also Van Ort v. Estate of Stanewich*, 92 F.3d 831, 840 (9th Cir. 1996); *Nozzi v. Hous. Auth. of City of Los Angeles*, 425 F. App'x 539, 542 (9th Cir. 2011) (holding that public entities "may be held vicariously liable for the negligent acts of their individual employees").

It appears that Plaintiffs' SAC seeks to hold Municipal Defendants vicariously liable for the alleged torts committed by the Officer Defendants. (SAC ¶¶ 15–16, 71, 76, 80, 85 (alleging that the Officer Defendants were "agents, servants, and/or employees" of the City and "were acting within the course and scope of their agency and/or employment.").) In their Opposition, Plaintiffs did not state their intent to seek relief for tortious injuries against the Municipal Defendants on a theory of direct liability, instead opting to submit on the issue of the Municipal Defendants' liability for state tort claims. (Opp'n at 5.) The Court therefore understands Plaintiffs to state tort claims against Municipal Defendants only on a respondeat superior theory of liability, which does not require Plaintiffs to plead a statutory basis for their claims.[6] As such, the Court **DENIES** Defendants' Motion as to Plaintiff's

---

[6] Going forward, Plaintiffs should note that they will not be permitted to pursue a direct liability theory against the Municipal Defendants for these claims.

tort claims against the Municipal Defendants.

### D. *Monell* Liability Against the Municipal Defendants

Defendants also move to dismiss Plaintiffs' Fourth Amendment claim against the Municipal Defendants, arguing that the SAC "makes no claims specific to the City of San Diego or its police department linking them to the alleged conduct of the Officer Defendants" and does not therefore state a § 1983 action against either the City or SDPD. (Mot. to Dismiss at 8.)

Municipalities are among the "persons" to whom § 1983 applies and can be sued for monetary or equitable relief when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). This requires a showing of liability beyond respondeat superior. *Id.* at 691. Instead, a plaintiff must show (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the "moving force behind the constitutional violation." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006). "In this circuit, a bare allegation that the actions of individual employees conformed to official policy suffices to withstand a motion to dismiss." *Santos v. Los Angeles Cty. Dep't of Children & Family Servs.*, 200 F. App'x 681, 683 (9th Cir. 2006).

Here, however, the SAC does not contain this bare minimum. Plaintiffs do not state that any actions by the Officer Defendants causing Plaintiffs' constitutional injuries conform to an official policy of the City or SDPD. In fact, Plaintiffs fail to state the mere existence of any policy, practice, or custom underlying the constitutional violation. The SAC does not make even a cursory mention of a longstanding practice or custom or the involvement of an official with final policymaking authority that suffices to establishing a policy that formed the "moving force" behind the Officer Defendants' allegedly unconstitutional conduct. *See Hiser v. Nevada Dep't of Corr.*, 708 F. App'x 297, 300 (9th

- 11 -

19cv02

Cir. 2017) (affirming dismissal of *Monell* claim against Nevada Department of Corrections (NDOC) where the plaintiff "failed to allege any facts to support a claim that NDOC had any custom or policy" behind alleged constitutional deprivation); *see generally Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (explaining different routes by which a plaintiff can establish municipal liability).

Instead, the SAC includes allegations that the Officer Defendants were "agents, servants, and/or employees" of the City and "were acting within the course and scope of their agency and/or employment." (SAC ¶¶ 15–16, 71, 76, 80, 85.) These allegations base liability on the doctrine of respondeat superior, which, as aforementioned, is insufficient to hold a municipality liable under § 1983. *See Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th Cir. 2018) ("[A] municipality cannot be held vicariously liable for an officer's alleged misconduct solely because the municipality 'employs a tortfeasor.'") (quoting *Monell*, 436 U.S. at 691).

Because Plaintiffs did not plead the existence of any municipal policy or custom to which the Officer Defendants conformed when causing Plaintiffs' constitutional injury, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' *Monell* claims against the Municipal Defendants for failing to state a claim under Rule 12(b)(6). Again, because Plaintiffs may be able to cure the deficiencies of their *Monell* claims against the City and SDPD, Plaintiffs are granted leave to amend to do so.

### E. Bane Act

Lastly, Defendants argue that Plaintiffs have failed to state a claim under the Bane Act because the SAC contains no specific factual allegations of 'threats, intimidation, or coercion" as required by the statute. (Mot. to Dismiss at 10.)

The Bane Act prohibits conduct aimed at interfering with individual rights secured by federal or state law where the interference is carried out "by threats, intimidation or coercion." Cal. Civ. Code § 52.1. In cases where defendants negligently violate a plaintiff's constitutional rights, the Ninth Circuit has established that a Bane Act search and seizure case requires coercion apart from that inherent in the detention. *Sandoval v. Cty. of*

- 12 -

*Sonoma*, 912 F.3d 509, 519–20 (9th Cir. 2018) (citing *Reese v. Cty. Of Sacramento*, 888 F.3d 1030, 1035–36 n.5 (9th Cir. 2018)), *cert. denied sub nom. Cty. of Sonoma, California v. Sandoval*, 140 S. Ct. 142 (2019). This additional requirement is met if "circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese*, 888 F.3d at 1043–1044 (citing *Cornell v. City and Cty. Of San Francisco*, 17 Cal. App. 5th 766, 797–99 (2017)). Courts have held that an unlawful arrest involving the use of excessive force inherently satisfies this requirement. *See Bender v. Cty. of Los Angeles*, 217 Cal. App. 4th 968, 979 (2013) (finding that the Bane Act applied because an arrest without probable cause and with the use of excessive force involved "coercion that is no way inherent in an arrest, either lawful or unlawful").

Plaintiffs argue they have sufficiently alleged independent coercion because the SAC contains allegations of both an arrest without probable cause and the use of excessive force, namely, "the permanent scarring on Ms. Valenzuela's wrists caused by the handcuffs and Susana and [J.A.M.J.]'s eyewitness accounts of the Officer Defendants' manhandling of [Ms. Valenzuela] during the arrest[.]" (Opp'n at 9; *see also* SAC ¶ 27 (alleging that Ms. Valenzuela "sustained lacerations to her wrists, resulting in permanent scarring" as a result of the arrest).)

Tight handcuffs can amount to excessive force. *McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 808 (E.D. Cal. 2016) (citing *Wall v. Cty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) and *LaLonde v. Cty. of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000)). However, the Ninth Circuit has found excessive force in these situations only where the officers were aware that the handcuffs were causing injury but refused to loosen them. *See LaLonde*, 204 F.3d at 960; *Palmer v. Sanderson*, 9 F.3d 1433, 1434 (9th Cir. 1993).

At this stage in the litigation, where the Court must draw all reasonable inferences in favor of Plaintiff, the Court finds that these facts are sufficient to state a claim for excessive force. As such, under *Bender*, Plaintiff has alleged a viable claim for relief under § 52.1.[7]

---

[7] Public entities can be held vicariously liable for violations of § 52.1. *See Santos ex rel. Santos v. City of Culver City*, 228 F. App'x 655, 659 (9th Cir. 2007) (remanding for consideration of whether City of Culver

- 13 -

*See McFarland*, 163 F. Supp. 3d at 808 ("As [plaintiff] has alleged a viable § 52,1 claim through the absence of probable cause to arrest and tight handcuffs, dismissal is not appropriate.") (citing *Bender*). Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' Bane Act claim.

## IV. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 14). The Court denies Defendants' request to dismiss: (1) SDPD as an improperly named Defendant; (2) all claims based on the immunity doctrines in Cal. Gov't Code §§ 816.2 and 820.2; (3) Plaintiffs' state tort claims seeking to hold the Municipal Defendants vicariously liable for the Officer Defendants' alleged conduct; and (4) Plaintiffs' claim under the Bane Act. Plaintiffs may only pursue tort claims against Municipal Defendants on the theory of respondeat superior and may not pursue direct liability claims against these defendants.

However, the Court grants Defendants' Motion as to Plaintiffs' Fourth Amendment claim against the Municipal Defendants on the basis that Plaintiffs have failed to allege a *Monell* claim against either entity; as such, Plaintiffs' First Claim for Relief against the Municipal Defendants is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs are granted leave to amend as to these claims; if they choose to do so, they must file their amended complaint no later than **March 3, 2020**.

**IT IS SO ORDERED.**

DATED: February 18, 2020

Hon. Cynthia Bashant
United States District Judge

---

City was vicariously liable under § 815.2 for violation of the Bane Act); *D.V. v. City of Sunnyvale*, 65 F. Supp. 3d 782, 787 (N.D. Cal. 2014) (listing cases holding that public entities can be held vicariously liable for a violation of § 52.1). Plaintiffs rely on a theory of vicarious liability to state a claim under § 52.1 against the City and SDPD by arguing that the Officer Defendants "were acting within the course and scope of their employment" with Defendants City and SDPD. (SAC ¶ 71.) Because the Court finds that Plaintiff has stated claims against the Officer Defendants for violations of the Bane Act, their § 52.1 claim against the Municipal Defendants on a theory of respondeat superior also survives Defendants' Motion.