UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDANCE VALENZUELA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO POLICE DEPARTMENT, et al,<br><br>Defendants. | Case No.: 3:19-cv-0002-LL-DEB<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MOTION TO CONFIRM MINORS COMPROMISE**<br><br>**(ECF 80, 82)** |

    Before the Court is the Motion to Confirm Minor's Compromise filed by the guardian *ad litem*[1] for minor Plaintiff J.A.M.J. ("minor Plaintiff") seeking approval of the proposed settlement of the minor's claim. (ECF 80.) The undersigned was randomly assigned to the case to handle approval of the Minor's Compromise. (ECF 61.)

    This Report and Recommendation is submitted to United States District Judge Linda Lopez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Motion and all

---

[1] *See* Ex. A to Motion.

supporting documents,[2] and for the reasons discussed below, the Court **RECOMMENDS** that the Motion (ECF No. 80) be **GRANTED**.

## I. BACKGROUND

### A. Allegations of Second Amended Complaint

This case was removed to this Court on January 2, 2019 by Defendants and proceeded on Plaintiffs' Second Amended Complaint ("SAC"), the operative complaint. (ECF 1 (Notice of Removal), 12 (SAC), 21 (partially granting motion to dismiss SAC, but only as to *Monell* claims as to Municipal Defendants).))

Plaintiffs allege that Plaintiff Candace Valenzuela ("Candace") was falsely arrested at her home in the presence of her domestic partner, Plaintiff Susana Valenzuela ("Susana"), and her daughter, minor Plaintiff. (SAC ¶¶ 26-29.) The SAC alleges the minor Plaintiff and Susana were present when Candace was assaulted and battered by the Defendants in the process of placing her in handcuffs and also present as she was taken from their home in a patrol car. (SAC ¶¶ 27-30.) The SAC further alleges that the minor Plaintiff and Susana observed the force used upon Candace and experienced severe mental anguish and emotional trauma upon witnessing Candace's unlawful arrest. (SAC ¶¶ 89-90.)

Candace was held for three days until her arraignment and then was released. (SAC ¶¶ 30-33.) The charges against Candace were dismissed and a motion for factual innocence granted, and within a few weeks of her arrest a different person pled guilty and was sentenced for the thefts Candace was charged with. (SAC ¶¶ 34-36.)

In addition to the harms alleged as to Candace, the SAC alleges Susana and the minor Plaintiff suffered severe emotional distress out of fear for Candace's safety and their family's future. (SAC ¶ 28.) A declaration provided in support of the Motion indicates that the minor Plaintiff underwent counseling sessions to cope with the emotional distress

---

[2] Plaintiff's counsel submitted an additional declaration in support of the Motion (ECF 82) that the Court has considered along with the Motion.

of seeing her mother arrested and handcuffed as well as not knowing when she would be released from jail.  (Decl. of Manuel Luis Ramirez Support of Motion to Approve Minor's Compromise [ECF 80-3] ("First Ramirez Decl.") ¶ 4.)

Based on the allegations briefly summarized above, the SAC asserts numerous state law claims and a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment. (SAC ¶¶ 52-62 (§ 1983 claim); ¶¶ 63-93 (state law claims).)  One of the state law claims, negligent infliction of emotion distress as a bystander, is asserted on behalf of the minor Plaintiff.  (SAC ¶¶ 86-91 (Sixth Claim for Relief – Negligence-Bystander Liability).)

**B.     Settlement**

Candace and the minor Plaintiff reached a settlement of their claims at a Mandatory Settlement Conference ("MSC") before the Honorable Daniel E. Butcher.  (ECF 62.)  It appears that Susana has also reached a settlement of her claims since.  (Ramirez Decl. ¶ 5 (identifying the apportionment of $55,000 settlement, including as to Susana).)

The $55,000 global settlement of all claims asserted in this case is apportioned as follows: Candace - $45,000; Susana - $5,000; minor Plaintiff - $5,000.  (*Id.*)  Medi-Cal has asserted a medical lien against the minor Plaintiff.  (*Id.* ¶ 7.)  After multiple rounds of negotiation by Plaintiffs' counsel, the lien amount has been reduced to $1,016.67.  (*Id.* ¶ 7; Decl. of Manuel Luis Ramirez re Final Medi-Cal Lien [ECF 82] ("Final Ramirez Decl.").)  Plaintiffs' counsel "has waived attorney's fees for the minor Plaintiff and has not attributed any costs to minor Plaintiff."  (First Ramirez Decl. ¶ 6.)

The minor Plaintiff's guardian *ad litem* indicates that she is familiar with the damages suffered by minor Plaintiff, as well as the Medi-Cal lien, and believes that the settlement of minor Plaintiff's claims for $5,000 of the $55,000 total settlement is in the best interests of minor Plaintiff.  (ECF Ex. A [ECF 80-1] (appointing guardian ad litem); Decl. of Guardian Ad Litem Frances Anne Marie Spencer in Support of Motion to Grant Minor's Compromise [ECF 80-2] ("Guardian Ad Litem Decl.") ¶¶ 2-3, 5; Final Ramirez Decl. ¶ 4 (confirmation on final Medi-Cal lien amount with Guardian Ad Litem).) Plaintiffs' counsel also indicates that he "believes the gross and net settlement amounts to

minor Plaintiff are both reasonable and in the minor Plaintiff's best interest." (First Ramirez Decl. ¶ 9.)

## II.  LEGAL STANDARD

It is well settled that "[d]istrict courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors" in the context of settlements of civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed. R. Civ. P. 17(c)). This duty "requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) and citing *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983)). "[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron*, 724 F.2d at 1363.

Civil Local Rule 17.1(a) requires "[a]ll settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue and provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." When, as here, the minor Plaintiff is a California resident, Civil Local Rule 17.1(b) requires the settlement "be paid and disbursed in accordance with California Probate Code Section 3600, et seq." California Probate Code § 3600 in turn requires court approval of the compromise of a minor's claim and § 3601 authorizes the court approving a compromise of a minor's disputed claim to "make a further order authorizing and directing that reasonable expenses, medical or otherwise[,] ... costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor." Cal. Prob. Code § 3601(a). Section 3601 "bestows broad power on the court to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994).

The Ninth Circuit has explained that at least in cases involving settlement of federal claims, the court must "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82.[3] (Explaining the "court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard."). Under California law, the Court must evaluate the reasonableness of the settlement and ensure it is in the best interest of the minor. *Pearson v. Superior Court* 202 Cal. App. 4th 1333, 1338 (2012) ("the proposed compromise of a minor's claim [must] be approved by the trial court . . . to protect the best interests of the minor.") (citing *Williams v. Superior Court*, 147 Cal. App. 4th 36, 49 (2007)); *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994) (Noting the court's protective role "to assure that whatever is done is in the minor's best interests"); *see also Espericueta v. Shewry*, 164 Cal. App. 4th 615, 626-627 (Explaining that the court cannot asses the *reasonableness* of the compromise when significant information on its value is withheld) (emphasis added).

The Ninth Circuit limited its holding in *Robidoux* "to cases involving the settlement of a minor's federal claims" and did "not express a view on the proper approach for a federal court when sitting in diversity and approving the settlement of a minor's state law claims." *Ribidoux*, 638 F.3d at 1179 n.2.[4] "[H]owever, it is not necessary for the Court to

---

[3] The court explained that application of state law and local rules governing attorney fees awards have "place[d] undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs." *Id.* at 1181.

[4] "In considering the fairness of a minor's state law settlement, federal courts generally require that claims by minors . . . be settled in accordance with the applicable state law." *Lobaton v. City of San Diego*, No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017) (internal quotation marks and citation omitted).

resolve the question of whether *Ribidoux* or state rules apply. The outcome is the same." *Castro v. United States*, Case No. 19-cv-2240-AJB-JLB, 2022 WL 594545, at *2 (S.D. Cal. Feb. 28, 2022) (collecting cases); *see also H.S. ex rel. Parde v. United States*, 17-cv-2418-BTM-KSC, 2020 WL 7130506, *2 (S.D. Cal. Dec. 4, 2020) (citing *A.M.L. v Cernaianu*, No. LA-CV12-06082-JAK-RZx, 2014 WL 12588992, at *3 (April 1, 2014), *R.N. v. United States*, No. 17cv1583-L-BGS, 2019); *Estate of Alvarado v. Tackett*, No. 13cv1202-LL, 2019 WL 4573714, at *3 (S.D. Cal. Sept. 20, 2019).[5]

## III.   DISCUSSION

### A.   Settlement is Fair and Reasonable and in the Best Interests of Minor

Based on a review of the record in this case, the Motion, supporting declaration, and applicable law, the Court finds that the terms of the settlement are fair and reasonable as to the minor Plaintiff. As detailed above, the minor Plaintiff's claim is based on the emotional distress she suffered in seeing her mother unlawfully arrested and taken away by police. The $5,000 settlement provides a fair and reasonable settlement that sufficiently compensates the minor Plaintiff for the injury alleged. *See Lobaton*, 2017 WL 2610038, at *3 (S.D. Cal. June 16, 2017) (finding settlement of minor's emotional distress and negligent infliction of emotional distress claims for $10,000 fair and reasonable after witnessing police officers "violently assault, handcuff and forcibly take away his mother and brother"); *Swayzer v. City of San Jose*, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (finding settlement of minor's section 1983 claims against the City for $2,054.17 fair and reasonable); *Doe ex rel. Scott v. Gill*, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (finding settlement of minor's section 1983 claims for the death of her mother for

---

[5] Even in cases where the court is exercising diversity jurisdiction over state law claims, courts have found *Robidoux* persuasive in providing a framework for evaluating the reasonableness of the settlement. *DeRuyver v. Omni La Costa Resort & Spa, LLC*, Case No. 17-cv-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); *see also Lobaton*, 2017 WL 2610038, at *2 (Relying on *Ribidoux* as a framework when exercising supplemental jurisdiction over a state law claim).

$7,188 fair and reasonable). Additionally, the Court notes that the settlement of this case was reached at a MSC held by a magistrate judge and at the time settlement was reached, fact discovery was closed. (ECF 62; ECF 57 (Amended Scheduling Order ¶ 5).) The settlement provides certainty as to recovery for the minor Plaintiff instead of the uncertainty posed by possible dispositive motions or a jury trial. (*See* ECF 57 ¶ 6 (deadline to file pretrial motions had not passed at time of settlement).) The Court also notes that this amount will only be reduced by the amount of the medical lien without any reduction for attorneys fees or costs.

Additionally, even if the Court considers the settlement as a portion of the total $55,000 settlement, the Court finds if fair and reasonable. Candace is alleged to have been unlawfully arrested and assaulted while the minor Plaintiff's claim is based on her observation of these event occurring to Candace. It is reasonable that the minor Plaintiff's recovery based on her observations of the unlawful arrest and assault would be much less than for Candace as the subject of the unlawful arrest.

### B. Disbursement

Courts can use a variety of methods for the disbursement of settlement funds to a minor. *See* Cal. Prob. Code § 3600 et seq. Here, the Motion request the minor's settlement, after payment of the medical lien, be deposited into an interest-bearing, federally insured blocked account opened in the name of the minor Plaintiff, and that the funds will not be disbursed until the minor reaches the age of eighteen absent a written court order. (ECF 80 at 3.) When the minor Plaintiff reaches 18 years of age, all funds in the account would be paid to the former minor without further court order. (*Id.*) Given the amount of the settlement, the Court finds this disbursement fair, reasonable, and in the best interests of the minor Plaintiff.

### IV. CONCLUSION

After reviewing the record in this case, the Motion, and supporting documents, the Court finds that the proposed settlement of the minor Plaintiff's claim in the amount of $5,000 fair and reasonable. For the reasons discussed above, **IT IS HEREBY**

**RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING** the Motion (ECF 80, 82); and (3) requiring the following:

(1) That the settlement funds be disbursed as follows: $1,016.67 to reimburse Medi-Cal and $3,983.33 to the minor Plaintiff;

(2) the minors' settlement proceeds are to be deposited in an interest-bearing, federally insured blocked account;

(3) That the blocked account is open in the legal name of the minor Plaintiff;

(4) That no withdrawal of principal or interest may be made from the blocked account without a written order of this Court, or any other court of competent jurisdiction, until the minor reaches 18 years of age;

(5) That when the minor reaches 18 years of age, the depository, without further order of this Court or any other court of competent jurisdiction, is authorized and directed to pay by check or draft directly to the former minor all funds, including interest, deposited under this Court's order; and

(6) that the guardian ad litem shall file an acknowledgment of receipt of this Court's order confirming the Minors' Compromise.

**IT IS ORDERED** that any objections to this Report and Recommendation be filed no later than **July 19, 2022.** If any objections are filed, any reply to the objections shall be filed with the Court and served on all parties no later than **July 26, 2022**.

Dated: July 5, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge